■ CLIVE LINO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [958 NYS2d 11]—

In this class action proceeding brought pursuant to article 9 of the CPLR, plaintiffs challenge the inclusion of their police records in the New York Police Department's (NYPD) "stop and frisk" database. Plaintiffs are a proposed class of 360,000 people who were stopped and frisked by NYPD officers and whose records are required to be sealed pursuant to CPL 160.50 and 160.55, which mandate sealing upon favorable dispositions and convictions for noncriminal offenses. The class allegations, however, are not subjects of this appeal.

The two named plaintiffs are individuals who were subject to the "stop and frisk" procedure of the NYPD and who, as a result, were arrested and issued summonses that were subsequently dismissed. Named plaintiff Clive Lino, at the time of the incident, was a 29 year old residing in Harlem where he works full-time at a residential facility for students in crisis. On April 18, 2009, Mr. Lino was stopped by NYPD officers while he was getting into his car in the Bronx. The officers issued Mr. Lino two summonses, both of which were later dismissed. The Bronx Criminal Court issued Mr. Lino a notice of dismissal stating that records of his summonses were to be sealed pursuant to CPL 160.50. In a separate incident, Mr. Lino paid a fine to resolve a noncriminal violation.

Named plaintiff Daryl Khan, at the time of the incident, was a 35-year-old freelance journalist living in the Clinton Hill neighborhood of Brooklyn. On October 7, 2009, two NYPD officers stopped Mr. Khan while he was riding his bicycle in Brooklyn. The officers issued Mr. Khan two summonses, both of which were later dismissed.

The record establishes that the procedure of NYPD officers when they stop and question individuals on the streets is as follows: the officer must complete a form known as a UF-250 which records information about the encounter, including the name and home address of the individual stopped. In March 2006, the NYPD adopted a practice of compiling this information in a centralized computer database.

In June 2009, in a letter responding to City Council member Peter Vallone, Jr.'s expressed concern about retention of the names in the database, Commissioner Kelly stated that the information collected during "stop and frisk" incidents is "a tool for investigators to utilize in subsequent location and apprehension of criminal suspects." Commissioner Kelly also disclosed that the personal information in the database "remains there indefinitely, for use in future investigations."

On May 19, 2010, plaintiffs commenced the present action seeking a declaration that the NYPD's failure to seal their records violates CPL 160.50 and 160.55. In pertinent part, CPL 160.50 (1) (c) states that "[u]pon the termination of a criminal action or proceeding against a person in favor of such person, . . . all official records and papers . . . shall be sealed and not made available to any person or public or private agency." (Section 160.50 is subject to exceptions that are not relevant here.) Additionally, CPL 160.55 provides similarly where the result is a conviction for a noncriminal offense.

Plaintiffs also sought injunctive relief mandating sealing. Furthermore, plaintiff Khan alleges false arrest, false imprisonment, malicious prosecution, assault and battery, and seeks damages for these common-law torts and for violation of CPL 160.50. Plaintiff Khan also seeks a declaration that his First, Fourth and Fourteenth Amendment rights under the US Constitution have been violated and that his rights under the Constitution and laws of the State of New York have been violated.

Defendants cross-moved pursuant to CPLR 3211 (a) (7) and 7804 (f) for an order dismissing plaintiffs' complaint on the grounds that the complaint fails to state a cause of action, that the named plaintiffs lack standing to sue, and that plaintiffs' constitutional claims are barred by law and/or by the applicable statute of limitations.

The motion court granted defendants' cross motion to dismiss. Regarding plaintiff Khan's constitutional claims, the court held that "the statute[ ] grant[s] only a statutory, not a constitutional, privilege to one whose records should be sealed, and thus a statutory violation does not implicate a constitutional right, even if records that should and have not been sealed are used in another proceeding." Additionally, the court held that the statute did not create private rights of action and that plaintiffs lacked standing because they failed to show that they suffered or will suffer any injury. The motion court did not address the parties' remaining contentions.

For the reasons below, we agree with plaintiffs' assertions on appeal that (1) the motion court improperly dismissed plaintiffs'

claims for declaratory and injunctive relief, (2) the motion court improperly dismissed plaintiff Khan's claim for damages pursuant to defendants' violation of CPL 160.50, and (3) the motion court improperly dismissed plaintiff Khan's common-law tort claims seeking compensatory damages.

As a preliminary matter, defendants mischaracterize plaintiffs' complaint by asserting that plaintiffs requested the NYPD to *expunge* their records when plaintiffs actually requested an injunction requiring the NYPD to *seal* their records. Additionally, defendants' assertion that they did not have the opportunity to develop an adequate record showing that the NYPD is, as a matter of fact, sealing the records at issue is immaterial to this appeal. Although the motion court did not resolve the factual issues regarding whether plaintiffs' records are sealed in compliance with CPL 160.50 and 160.55, defendants' motion to dismiss must be decided by accepting plaintiffs' allegation as true that the NYPD is not complying with the statute (*see Leon v Martinez*, 84 NY2d 83, 87 [1994] [noting that on a motion to dismiss, the court is to "accept the facts as alleged in the complaint as true (and) accord plaintiffs the benefit of every possible favorable inference"]).

Further, in order to establish standing, plaintiffs assert that they have suffered an "injury in fact" and that the injury falls within the zone of interests to be protected by the statutory provisions (*see Matter of Grasso v New York City Tr. Auth.*, 63 AD3d 410, 411 [1st Dept 2009]). Defendants argue that it is insufficient for plaintiffs to allege that their injuries arise from the fact that their records are not sealed. According to defendants, plaintiffs must wait until they face a "readily apparent prospective injury" before they have standing to bring a cause of action against the possibility of an unlawful disclosure of their records.

Defendants' argument is misguided. Indeed, it makes little sense for plaintiffs to have to wait until their job applications are in the mail or they are about to appear for job interviews before they have standing to bring a cause of action against the effect of the unsealed records. In any event, well-established precedent supports the view that there can be an injury under the statute even where a plaintiff merely fears the prospect of an adverse effect before his record is ever unlawfully disclosed (*see Matter of Hynes v Karassik*, 47 NY2d 659, 664 [1979] [citing a list of cases in which sealing, even absent statutory authorization, "was found warranted to protect those who *might* unjustly be injured by the indiscriminate availability of records" (emphasis added)]). Plaintiffs therefore correctly assert

that they have suffered an injury in fact for two reasons: (1) their records remain unsealed, which puts them at imminent *risk* that their records will be disclosed, and (2) the NYPD is improperly disclosing plaintiffs' records in the "stop and frisk" database, which may lead to plaintiffs being targeted in future investigations. Additionally, plaintiffs' injuries fall within the statutory goal of insuring against the stigma that is created as a result of plaintiffs having been the subjects of unsustained accusations (*see id.* at 662). Therefore, plaintiffs have standing to claim that defendants' failure to seal their records relating to "stop and frisk" arrests or summonses violates CPL 160.50 and 160.55. Moreover, it is well established that the essential factors when determining whether a statute creates an implied private right of action are "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (*Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]). Here, plaintiffs' criminal proceedings ended in either favorable dispositions or noncriminal violation convictions, which affords them the protections of CPL 160.50 and 160.55.

It is undisputed that the legislature enacted CPL 160.50 and 160.55 to remove any stigma related to *accusations* of criminal conduct (*People v Patterson*, 78 NY2d 711, 716 [1991]). Additionally, the legislature's objective in enacting the statute was to afford protection to accused persons "in the pursuit of employment, education, professional licensing and insurance opportunities" (*id.*; *see also Hynes*, 47 NY2d at 662 ["(t)hat detriment to one's reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions . . . (and) (t)he statute's design is to lessen such consequences"]). Specifically, CPL 160.50 was enacted to ensure protection for exonerated individuals that is " 'consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law' " (*Matter of Joseph M. [New York City Bd. of Educ.]*, 82 NY2d 128, 131-132 [1993], quoting Governor's Approval Mem, 1976 McKinney's Session Laws of NY at 2451).

Defendants suggest that "[i]t is inconceivable that the purpose of §§ 160.50 and 160.55 was to benefit individuals whose private information has *not* been improperly disclosed."

Plaintiffs, however, correctly assert that CPL 160.50 and 160.55 were not intended to benefit only persons whose records have already been unlawfully released. The language employed in CPL 160.50 and 160.55 requires that records must be sealed upon termination of a criminal action. Plaintiffs correctly assert that the statute's mandatory sealing requirements demonstrate that the statute seeks to protect individuals against the *risk* of public disclosure of their records prior to an actual unlawful disclosure. Thus, the motion court erred in holding that the statute did not create a private right of action because plaintiffs are part of the class for whose particular benefit the statute was enacted.

Plaintiffs also assert that recognition of a private right of action promotes the legislative purpose of sections 160.50 and 160.55 because a private right of action advances the interest of protecting people from the stigma flowing from public access to records of unsupported criminal charges. Lastly, plaintiffs argue that there are no indications that the creation of a private right of action is inconsistent with the legislative scheme. It should be noted that the legislature did not establish other penalties for violation of the statute or provide any enforcement mechanism (*see e.g. Sheehy*, 73 NY2d at 635). Plaintiffs assert that nothing in sections 160.50 or 160.55 provides an enforcement mechanism available to those whose records are not sealed. Defendants failed to take issue with the second and third prongs of the private right of action test in their brief and offered no contentions to disprove plaintiffs' assertion that both prongs are satisfied. Therefore, the motion court erred in dismissing plaintiffs' complaint in its entirety because CPL 160.50 and 160.55 create private rights of action, which allow plaintiffs to seek enforcement of the statute.

By dismissing plaintiffs' complaint in its entirety, the motion court also improperly dismissed plaintiff Khan's claims for false arrest and related common-law tort claims. The defendants did not challenge plaintiff Khan's state law claims in their brief but, instead, assert that the claims should be severed from plaintiffs' class action claims. In view of defendants' request for severance, such claims should not have been dismissed. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.

Motion to submit amicus brief granted.